**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
WILLIAM F. GLACKEN,

                           Plaintiff,

          - against -

THE INCORPORATED VILLAGE OF FREEPORT,
ANDREW HARDWICK, in his official capacity as
Mayor of the Incorporated Village of Freeport and
individually, the BOARD OF TRUSTEES FOR
THE INCORPORATED VILLAGE OF FREEPORT,
HOWARD COLTON, individually and in his official
capacity as Village Attorney for the Incorporated
Village of Freeport, DENNIS WARREN, individually,
"JOHN DOE #1", "JOHN DOE #2", "JOHN DOE #3",
"JANE DOE #1", and "JANE DOE #2",

                           Defendants.
------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

CV 09-4832 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff William F. Glacken brought the instant action on November 5, 2009, pursuant to 42 U.S.C. § 1983, alleging violations by the Defendants of his First, Fifth and Fourteenth Amendment rights. Defendant Incorporated Village of Freeport ("Freeport" or "the Village") previously filed an unopposed application to substitute the individual Trustees of the Defendant Board of Trustees for the Incorporated Village of Freeport ("Board"), in their official capacities, for the named Defendant Board itself. *See* DE 58. In light of various issues that have arisen due to Plaintiff having named the Board as a Defendant in this action, District Judge Hurley referred this matter to me by Order dated March 29, 2011, to issue an order to show cause, to conduct a hearing, and to render a Report and Recommendation on the specific issue of whether the Board is a proper Defendant in this case. *See* DE 80.

On that same day, this Court ordered Plaintiff to appear on April 27, 2011 to show cause why the Board is amenable to suit under the facts of this case and why the Board should not be dismissed from this Section 1983 action since any suit against the Board is effectively a suit against the Defendant Village. *See* DE 81. However, at the April 27 Hearing, the Plaintiff, an attorney in his own right, advised the Court that he was not prepared to address the issues raised in the Court's March 29 Order because he had not previously seen the Order. Instead, the Plaintiff requested, and was granted, an opportunity to put something in writing to the Court in response to the March 29 Order. *See* DE 83.

On May 11, 2011, Plaintiff filed with the Court his written opposition to dismissing the Board as a Defendant. Although the March 29 Order specifically directed Plaintiff to address why, legally, the Board should remain a party to this action, Plaintiff's opposition does not proffer a single legal argument that supports having both the Board and the Village as Defendants. Instead, the Plaintiff reiterates and emphasizes the fact that the five-member Board remains sharply divided, which creates "a genuine and serious question as to who actually and objectively represents the interests of the Board of Trustees and of the Incorporated Village of Freeport." This "reality," the Plaintiff argues, prevents the Board to assert a unified defense.[1] Plaintiff misses the mark here by stressing solely the internal strife among the members of the Board, noting that "a genuine and serious question as to who actually and objectively represents the interests of the Board of Trustees and of the Incorporated Village of Freeport, not only in the

---

[1] The Plaintiff also appears to be arguing for the disqualification of the firm Jaspan Schlesinger as counsel for the Defendant Village. The Court declines to address this issue since it is not relevant to the March 29 Order to Show Cause and no separate motion has been made by the Plaintiff.

instant case, but others as well." DE 85 at 2. Plaintiff then discusses conflict issues relating to various law firms who previously represented the Village and currently represent the Village – essentially questioning by whose authority those firms were appointed.

Even accepting Plaintiff's allegations, solely for the sake of argument at this juncture, none of these assertions obviate the legal import of who will be responsible if the Plaintiff is successful in his claims – it is *not* the Board of Trustees. In addition, the Plaintiff's argument fails to explain why a division among the Board members would allow the Board to be a properly named Defendant in this action. In addition, the Plaintiff's concerns surrounding the sharply divided Board supports dismissal of the Board as a party, especially where no evidence has been offered to support the propositions that the Board is a suable entity or that the naming of the Board as a party is not duplicative of the Village being named as a party.

Although no cases conclusively hold that a board of directors of a village is not a suable entity or is redundant when the village is also a named defendant, the Court finds that the relevant case law supports such a conclusion. For example, a helpful comparison comes from those cases which have held that suit against a city or village police department is nothing more than a suit against the city or village. *See, e.g.*, *Leland v. Moran*, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000); *Fanelli v. Town of Harrison*, 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999). In those cases, the respective courts found that the police department, as an administrative arm of a municipality, does not have a separate legal identity from the municipality. Instead, the courts concluded that the town or village was the real party in interest. Here, the same concept applies to the Board which is the administrative arm or governing body of the Village. Indeed, the Court

3

fails to see how the Board has a separate legal identity from the Village especially since any recovery against the Board would be the obligation of the Village.

Furthermore, the Supreme Court in *Kentucky v. Graham*, 473 U.S. 159 (1985) noted that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. Although the Court is not faced with a traditional official-capacity suit where an individual is being sued in his official capacity, the same logic applies when a party sues the board of trustees of a village, the entity acting as the governing body of the village. Under these circumstances, Plaintiff's suit against the Board is comparable to an official-capacity suit, whereby in all respects other than name, the suit is really against the Village.

Finally, the Court notes that dismissing the Board as a party does not prejudice the Plaintiff in any way. Plaintiff's claims can go forward exactly as pled and, if Plaintiff should be successful in this action, any judgment would be the liability of the Village. Further, the Plaintiff remains free to depose each and every Trustee who makes up the Board. Upon such depositions being properly noticed, the decision to retain independent counsel is left to the discretion of the individual Trustees.

Accordingly, for the reasons set forth above, I respectfully recommend to Judge Hurley that the Board be dismissed as a Defendant in this action. **Counsel for the Village is directed to serve a copy of this Order on Plaintiff *pro se* forthwith and file proof of service on ECF.**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Denis Hurley, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
June 27, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge